[No. 22818.   Department One.   March 6, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. HERMAN STEIK, *Appellant*.[1]

*John F. Dore* and *O. T. Webb,* for appellant.

*Charles R. Denney* and *C. W. Jordan,* for respondent.

TOLMAN, C. J.—This is an appeal from a conviction of unlawful possession of intoxicating liquor with intent to sell, and also of one prior violation of the state liquor laws.

The only assignment of error is that:

"The court committed error in unduly limiting the cross-examination of the witnesses for the purpose of showing bias and prejudice on the part of the witness Miller."

The main witnesses for the state were two deputies sheriff and a witness by the name of Miller, who was employed by them to buy liquor from the appellant and to pay for it with marked money supplied by one of the deputies.

In the cross-examination of the deputies, certain questions were asked with the evident purpose of bringing out testimony to the effect that Miller had been

[1]Reported in 296 Pac. 546.

previously arrested, and was perhaps in custody or to some extent, by reason of that previous arrest, under the influence of the deputies when he consented to act as a decoy. Objections to these questions were sustained.

Miller was asked on cross-examination if he had been arrested the night before, to which question an objection was interposed and sustained. The cross-examination then proceeded as follows:

"Q. Did you have any feeling against Mr. Steik? MR. JORDAN: Objection, immaterial and irrelevant. THE COURT: Overruled. A. Yes sir. Q. On account of that feeling you caused his arrest or asked the officers to cause that arrest? MR. JORDAN: Objection, it is immaterial. THE COURT: Overruled. A. Yes sir, Q. And at this particular place and time in the sheriff's office they gave you this ten dollars for this purpose? A. Yes sir. Q. And this arrest was all talked over between you before you went out there? A. Yes sir."

It would seem from this that the defense thus secured full and complete proof of the bias and prejudice of the witness Miller from his own lips, and we are at a loss to understand how proof of any attendant or surrounding facts and circumstances could have strengthened the freely admitted fact, or have made it any more apparent to the jury.

The latitude to be allowed in cross-examination is always a matter within the sound discretion of the trial court, and we are satisfied that there was no abuse of discretion in the rulings of which complaint is made.

The judgment is affirmed.

PARKER, MAIN, MITCHELL, and HOLCOMB, JJ., concur.